*The record of the Will of* DANIEL CLARK.

THE assistants to the Surrogate of the county of New York administer and certify oaths, which, in contemplation of law are taken before the Surrogate, the legal presumption being that the witnesses are examined before him. When these depositions are recorded, the name of the Surrogate is substituted upon the jurat for that of his assistant.

THE SURROGATE. Questions have arisen as to whether

the record of this will (made ten years before I assumed this office,) is in proper form, and as to my duty in certifying the depositions taken on its probate. These questions involve the accuracy of most of the records of wills in the Surrogate's office of this county, for the last twenty years.

I found, on assuming this office, that the proofs of wills had been taken in uncontested cases, by depositions drawn out in this office, generally by the assistant to the Surrogate who had charge of the probate desk, which depositions were sworn to before that assistant, and the jurats certified by him over his signature. But that, when these proofs came to be recorded as required by statute, it was the practice to affix to the jurats on the record the name of the Surrogate for the time being, instead of the name of this assistant. At first I hesitated to certify these records, and I have been led to look into the propriety of this practice, and the reasons for its adoption.

The Revised Statutes required the Surrogate to cause the witnesses to a will to be examined before him, and upon being satisfied of the execution, genuineness and validity of the will, to admit it to probate, and record it with the proofs, and sign and certify this record.

The act of 1837 (*Session Laws, ch.* 460, § 10), substantially repeated these directions, and provided that no will should be deemed proven, until the witnesses had been " examined pursuant to law as hereinbefore prescribed." (§ 17.)

The acts of 1847 (*Session Laws, ch.* 432, §§ 7 and 8, *p.* 561) and of 1850 (*Session Laws, ch.* 201), gave to the assistants to the Surrogate of the county of New York certain powers, namely, " to administer and certify oaths and affirmations in all cases in which said Surrogate is authorized to administer the same."

In view of the special and limited jurisdiction of the Surrogate, it might have been a question how far he might, without this act, have exercised the powers of

Courts of Record, by delegating to his clerks subsiduary ministerial functions; but under the language of this law, it is clear that the power to "administer and certify oaths," being given to his assistants, the witnesses to the will being examined in the Surrogate's office, and in pursuance of citations and subpœnas issued by him, and the proceedings subject to his supervision, the mere fact that the depositions were reduced to writing, and the jurat certified at the time by the assistant, should not negative the legal presumption from the record, that the Surrogate had "caused the witnesses to be examined before him." The later statutes I have referred to, leave in force the requirement, that the witnesses shall be "examined before the Surrogate." Yet they expressly relieve him from the detail of mere clerical duty, and they give the assistants the power to administer oaths and certify them. It results, that the presence of the Surrogate is constructive and to be presumed, and that that is sufficient to satisfy the statute.

But the certificate of the assistant on the jurat has been treated by my predecessors as a mere office voucher or ear-mark, and when the record has been engrossed, the name of the Surrogate himself has been uniformly substituted for it. The Surrogate has thus certified, that the depositions were constructively at least, taken "before him" by his title of office, though the actual administration of the oath has been by his subordinates. I see no impropriety in this action, although perhaps I should not have initiated it. It has been the practice of this office ever since there were assistants to take down the depositions. It is a literal compliance with the direction to the Surrogate "to sign and certify the record." It would, perhaps, have been better to have recorded the name of the assistant after the jurat, either preceding the name of the Surrogate, or to the exclusion of his name. But as the practice has been adopted I prefer to let it stand. There has been no question ever raised upon the offer of

our records, in any other Courts, so far as I am aware, and it is not becoming in me to raise it. I shall certify the record as I find it, and continue the usage in recording, not doubting that it would be upheld by higher Courts.